UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

NARENDRA T. DINDIYAL,

　　Plaintiff,

-vs-

EXPERIAN INFORMATION
SOLUTIONS, INC.,

　　Defendant.
　　　　　　　　　　　　　　　　　　/

**COMPLAINT**
**JURY DEMAND**

　　Plaintiff, Narendra T. Dindiyal (hereinafter "Plaintiff"), hereby alleges violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter the "FCRA") and breach of contract against Defendant, Experian Information Solutions, Inc. (hereinafter "Experian"), and states the following in support thereof:

**JURISDICTION AND VENUE**

　　1.　　This Court has subject matter jurisdiction under 15 U.S.C. § 1692k and 28 U.S.C. § 1331, because this action arises out of a federal statute.

　　2.　　This Court has personal jurisdiction because Defendant conducts business throughout the United States, including Florida. Defendant's voluntary contact with Plaintiff in Florida made it foreseeable that it would be haled into a Florida court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

　　3.　　Venue is proper because the alleged acts, omissions, and transactions complained of occurred here, Plaintiff resides here, and the Defendants transact and conduct

business here. Venue is also appropriate in this district pursuant to the terms of the applicable settlement agreement entered into by Plaintiff and Experian.

## PARTIES

4. Plaintiff is a natural person and at all times relevant to this action is and was a resident of Broward County, Florida.

5. At all times relevant to this action, Plaintiff is and was a "consumer" as provided for by 15 U.S.C. § 1681a(c), because he is an individual.

6. Experian is a foreign for-profit corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626.

7. At all times relevant to this action, Experian is and was a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) because it regularly engages in assembling, evaluating, and disseminating information concerning consumers for the purpose of disbursing consumer credit reports for monetary compensation.

## LEGAL BACKGROUND

8. "Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, 127 S. Ct. 2201, 2205 (2007) (citations omitted).

9. "The aim of the Fair Credit Reporting Act is to see that the credit reporting system serves the consumer as well as the industry. The consumer has a right to information which is accurate; he has a right to correct inaccurate or misleading information; he has a right to know when inaccurate information is entered into his file; he has a right to see that the information is kept confidential and is used for the purpose for which it is collected; and he has a right to be free from unwarranted invasions of his personal privacy. The Fair Credit Reporting

Act seeks to secure these rights." *Hearings on S. 823 Before the Subcomm. on Financial Institutions of the S. Comm. on Banking and Currency*, 91st Cong. 2 (1969).

10. Congress found that "inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1).

11. Congress also found that "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers" and that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. §§ 1681(a)(3), (4).

12. To further the FCRA's purpose, Congress requires "consumer reporting agencies [to] adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b).

13. The FCRA requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of consumer reports." 15 U.S.C. § 1681e(b).

14. If a consumer disputes information contained in his or her credit report, the FCRA requires a consumer reporting agency to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(A).

15. In performing the reinvestigation, the FCRA requires a consumer reporting agency to "review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

16. If the disputed information is inaccurate or incomplete or cannot be verified, the consumer reporting agency "shall (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer." 15 U.S.C. §§ 1681(a)(5)(A)(i), (ii).

17. The FCRA provides a private right of action against any person that violates its provisions. *See* 15 U.S.C. §§ 1681o, 1691n.

## FACTUAL BACKGROUND

### I. Plaintiff files a lawsuit against Experian.

18. On October 4, 2017, Plaintiff filed a lawsuit in the Southern District of Florida, Case No.: 0:17-cv-61957-BB (hereinafter the "First Lawsuit"), which alleged violations of the FCRA against Experian and Trans Union, LLC.

19. In the First Lawsuit, Plaintiff alleged that in October of 2015 he discovered inaccurate reporting of a Florida Department of Revenue account pertaining to child support obligations (hereinafter the "FDR Account") on his consumer report maintained by Experian.

20. Specifically, Plaintiff alleged that Experian reported that the FDR Account had been in collections and the monthly payment amount for the FDR Account was double the amount actually due.

21. From approximately October of 2015 through December of 2017, Plaintiff

4

disputed the inaccurate FDR Account over eight (8) times, by sending letters and supporting documents to Experian.

22. Experian responded to Plaintiff's disputes by stating that the FDR Account was verified as accurate and continued to report the inaccurate FDR Account on his consumer report.

23. Upon information and belief, Experian never properly investigated Plaintiff's disputes with the Florida Department of Revenue despite Plaintiff's numerous and exhaustive requests.

24. On or about June 18, 2018, Plaintiff and Experian entered into a settlement agreement in relation to the First Lawsuit (hereinafter the "District Court Settlement").

25. Subsequent to entering into the District Court Settlement, the Court dismissed the First Lawsuit with prejudice and directed the Clerk of the Court to administratively close the matter.

## II. Inaccurate information concerning the FDR Account remains on Plaintiff's credit report.

26. After the First Lawsuit was settled and dismissed by the Court, Plaintiff thought the issues surrounding the FDR Account were over; however, Plaintiff discovered that the FDR Account was still being reported as having been in collections by Experian.

27. On or about December 31, 2018, after discovering that the FDR Account was still appearing as a negative item on his consumer report maintained by Experian, Plaintiff sent a letter to Experian disputing the inaccurate information (hereinafter the "First Dispute Letter").

28. In the First Dispute Letter, Plaintiff provided enough information to identify himself, including his name, his current address, his social security number, his telephone number, and his date of birth.

29. Plaintiff further explained in the First Dispute Letter that he wanted the inaccurate information regarding the FDR Account removed from his consumer report.

30. Experian received the First Dispute Letter and responded to Plaintiff in a letter dated January 29, 2019, which stated "[t]his item was either updated or deleted."

31. However, Experian had not corrected the inaccurate information concerning the FDR Account, as it was still being reported as having been in collections.

32. After the First Dispute Letter, Experian continued to report the inaccurate FDR Account on his consumer report, despite having knowledge that the FDR Account was inaccurate.

33. On or about February 5, 2019, Plaintiff sent another letter to Experian disputing the inaccurate information surrounding the FDR Account (hereinafter the "Second Dispute Letter").

34. In the Second Dispute Letter, Plaintiff provided enough information to identify himself, including his name, his current address, his social security number, his telephone number, and his date of birth.

35. Plaintiff further explained in the First Dispute Letter that he wanted the inaccurate information regarding the FDR Account removed from his consumer report.

36. Experian received the First Dispute Letter and responded to Plaintiff in a letter dated February 19, 2019, which stated that the processing of the FDR account dispute was "[s]till pending."

37. However, Experian had not corrected the inaccurate information concerning the FDR Account, as it was still being reported as having been in collections.

38. After the Second Dispute Letter, Experian continued to report the inaccurate FDR Account on his consumer report, despite having knowledge that the FDR Account was inaccurate.

39. After receiving the written responses from Experian indicating that the FDR Account had been in collections and that Experian would not correct the inaccurate information, Plaintiff felt humiliated, frustrated, annoyed, and powerless, because he had done everything in his power to correct the situation and preserve his good credit record, but his efforts had failed.

40. Experian willfully or with reckless disregard for the truth, maintained Plaintiff's consumer report, which contained erroneous information regarding the FDR Account.

41. Moreover, Experian's actions concerning the FDR Account had a negative impact on Plaintiff's credit score and caused him to be denied credit on several occasions.

42. As an example, Plaintiff applied to Citibank, N.A. (hereinafter "Citibank") in or about June of 2019, seeking a consumer credit account in order to help him with his personal finances.

43. Experian prepared Plaintiff's consumer report for use in the aforementioned credit determination, which included the inaccurate FDR Account, and provided it to Citibank.

44. Citibank subsequently denied Plaintiff's application for credit, because of the inaccurate FDR Account on Plaintiff's consumer report provided by Experian.

45. As another example, Plaintiff applied to American Financial Network, Inc. (hereinafter "American") in or about August of 2019, seeking a mortgage in order to purchase a new home.

46. Experian prepared Plaintiff's consumer report for use in the aforementioned credit determination, which included the inaccurate FDR Account, and provided it to American.

47. American subsequently denied Plaintiff's application for financing because of the inaccurate FDR Account on Plaintiff's consumer report provided by Experian.

48. After receiving numerous credit denials, Plaintiff felt even more humiliated, frustrated, annoyed, and powerless, because of the actions of Experian concerning the reporting of the FDR Account.

49. Plaintiff is now "locked out" of the credit market because of the false and inaccurate information being reported by Experian and he cannot obtain consumer credit.

50. Plaintiff properly disputed the FDR Account pursuant to the FCRA; however, Experian never properly evaluated or considered Plaintiff's information, claims, or evidence, and did not make proper attempts to substantiate and/ or verify the accuracy of the FDR Account.

## COUNT I
### (Violation of 15 U.S.C. § 1681e(b) by Experian)

51. At all times relevant, Plaintiff is and was a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

52. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f) because it is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties and disburses consumer reports under contract for monetary compensation.

53. During the relevant time frame, Experian maintained and published one or more inaccurate consumer reports concerning Plaintiff to third parties.

54. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it publishes and maintains concerning the Plaintiff.

55. As a direct result of Experian's acts and/or omissions, Plaintiff suffered significant damage, including but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, violation of the statutory right to accurate credit information, financial damage, loss of time addressing the issues concerning the FDR Account, frustration, annoyance, emotional distress, mental distress, and embarrassment.

56. Experian's aforementioned conduct concerning Plaintiff was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681n.

57. In the alternative, Experian's aforementioned conduct concerning Plaintiff was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

58. Further, Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Experian for actual damages, statutory damages, attorney's fees, litigation expenses, costs of suit, and such further relief as deemed proper.

## COUNT II
**(Violation of 15 U.S.C. § 1681i by Experian)**

59. At all times relevant, Plaintiff is and was a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

60. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f) because it is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties and disburses consumer reports under contract for monetary compensation.

61. Plaintiff sent, and Experian received, written disputes of the inaccurate FDR

Account on Plaintiff's consumer report.

62. After receiving the dispute, Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the furnisher; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

63. As a direct result of Experian's acts and/or omissions, Plaintiff suffered significant damage, including but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, violation of the statutory right to accurate credit information, financial damage, loss of time addressing the issues concerning the FDR Account, frustration, annoyance, emotional distress, mental distress, and embarrassment.

64. Experian's aforementioned conduct was willful concerning Plaintiff, entitling Plaintiff to damages under 15 U.S.C. § 1681n.

65. In the alternative, Experian's aforementioned conduct concerning Plaintiff was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

66. Further, Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Experian for actual damages, statutory damages, attorney's fees, litigation expenses, costs of suit, and such further relief as deemed proper.

## COUNT III
### (Breach of Contract by Experian)

67. On June 18, 2018, Plaintiff and Experian entered into the District Court Settlement, which was a valid contract binding on both parties.

68. In the District Court Settlement, Experian agreed to, among other things, remove any negative reporting of the FDR Account from Plaintiff's consumer report.

69. Subsequent to execution, Experian breached the District Court Settlement when it failed to comply with its express terms.

70. As direct a result of Experian's breach of the District Court Settlement, Plaintiff has been significantly damaged, including but not limited to the, loss of credit, loss of the ability to purchase and benefit from credit, financial damage, loss of time addressing the issues concerning the FDR Account, frustration, annoyance, emotional distress, mental distress, and embarrassment.

71. Pursuant to the District Court Settlement, Plaintiff is entitled to recover his reasonable attorney's fees and costs incurred in this case.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Experian for damages, attorney's fees, litigation expenses, costs of suit, and such further relief as deemed proper.

## JURY TRIAL DEMAND AND
## RESERVATION OF PUNITIVE DAMAGES

Plaintiff respectfully requests trial by jury on all counts contained herein. Plaintiff further reserves the right to amend his Complaint to add a claim for punitive damages if applicable.

Respectfully Submitted,

/s/ *Christopher Legg*
Christopher W. Legg, Esq.
Fla. Bar No.: 44460
**CHRISTOPHER W. LEGG, P.A.**
499 E. Palmetto Park Rd., Ste. 228
Boca Raton, FL 33432
Office: 954-962-2333
Chris@theconsumerlawyers.com

*Attorney for Plaintiff*